IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-44,993-02, WR-44,993-03, WR-44,993-04






EX PARTE ROYCE LEETATE WHITE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NOS. 3847-A, 3848-A, AND 3855-A IN THE 8TH JUDICIAL
DISTRICT COURT OF RAINS COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant pleaded guilty
to two charges of aggravated assault and one charge of engaging in organized criminal
activity, and punishment was assessed at fifteen years' confinement. No direct appeal was
taken. 

 Applicant contends that he pleaded guilty pursuant to a plea agreement whereby these
three sentences would run concurrently with Applicant's federal sentence, and Applicant
would serve that time in a federal facility. However, Applicant alleges that his plea bargain
agreement was breached because he was delivered to TDCJ-ID after sentencing, and because
his federal sentence is not running concurrently with these sentences.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from counsel and TDCJ, or it may order a hearing. In the
appropriate case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant had a plea bargain whereby his state and federal sentences would be
served concurrently in a federal facility. If so, the trial court shall make findings as to
whether this plea agreement is being honored. The trial court shall also make any further
findings of fact and conclusions of law it deems relevant and appropriate to the disposition
of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred and twenty days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 18th DAY OF JANUARY, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.